# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2676

_____

United States of America

*Appellee*

v.

Terell Lamonte Armstead, also known as Buddy, also known as Lamonte, also
known as Monte, also known as Monster

*Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 21, 2013
Filed: March 26, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Terell Armstead pleaded guilty to conspiring to distribute 100 grams or more of heroin within 1,000 feet of a school.  The district court[1] accepted without objection the presentence report's Sentencing Guidelines calculations (which included an offense level increase for role in the offense), departed upward because the offense conduct caused serious injury to another person, and sentenced Mr. Armstead at the bottom of the revised Guidelines range to 235 months in prison.  He appeals.  His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967); Mr. Armstead has filed a pro se supplemental brief.

With respect to issues raised in counsel's brief, we conclude that no violation of Federal Rule of Criminal Procedure 11 occurred; and that the district court did not abuse its discretion in imposing the sentence, see Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review).  We decline to consider any ineffective-assistance issue in this direct appeal.  See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).  We also reject the pro se arguments.  First, Mr. Armstead was convicted of only one offense, the count to which he pleaded guilty.  Second, both in his plea agreement and at his plea hearing, he indicated he understood that no promise had been made regarding his Guidelines range.  Third, even if the drug quantity directly involving a protected location was less than the total drug quantity involved in the offense, the *greater* of the base offense levels under the two relevant subsections must be applied in calculating the Guidelines range.  See U.S.S.G. § 2D1.2(a)(1), (a)(2).  Last, Mr. Armstead had an opportunity to challenge the sentencing enhancements, but he agreed in his plea agreement that the serious-injury

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

enhancement would apply, and he withdrew his initial objection to the role enhancement.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____